**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-CV-00760-FDW-DSC**

| | |
|---|---|
| **MEINEKE CAR CARE CENTERS, INC. & ECONO LUBE N'TUNE, INC.,** ) ) ) **Plaintiffs,** ) ) vs. ) ) **ABOMB RESULTS, LLC, MELISSA ORTIZ, ADAM REICH & MICHAEL ORTIZ** ) ) ) ) **Defendants.** ) | **ORDER** |

**THIS MATTER** is before the Court upon Plaintiffs' Meineke Car Care Centers, Inc. and Econo Lube N' Tune, Inc.'s and Defendant Melissa Ortiz's Joint Response to Order to Show Cause. (Doc. No. 30). This Joint Response seeks an additional two weeks of time from the Court before dismissing this action, and the Court treats it as a motion for extension of time. For the reasons set forth below, the Joint Response is DENIED. Unless an answer is filed by each remaining Defendant (with the exception of Defendant Michael Ortiz) in this case within seven (7) days from the entry of this order, or a motion for entry of default is filed against each remaining Defendant (with the exception of Defendant Michael Ortiz) who has not filed an answer within eight (8) days of the entry of this order (i.e. within twenty-four (24) hours after each remaining Defendant's answer is now due), or a stipulation of dismissal is filed within that time frame, this case will be dismissed against that particular Defendant.

Plaintiffs originally filed this case in this Court on November 14, 2012. (Doc. No. 1). On June 5, 2013, Plaintiffs filed an Amended Complaint. (Doc. No. 25). However, as of August

12, 2013, Defendants Abomb Results, LLC ("Defendant Abomb"), Melissa Ortiz, and Adam Reich ("Defendant Reich") had still not filed an answer to Plaintiff's Amended Complaint. Furthermore, Defendant Melissa Ortiz was even granted an extension of time until July 5, 2013 to file her answer, and she had still not done so by August 12, 2013. As Plaintiffs had not filed a motion for entry of default under Rule 55 of the Federal Rules of Civil Procedure by that date, this Court issued an Order to show cause why this case should not be dismissed for failure to prosecute. (Doc. No. 29).

In their Joint Response, Plaintiffs and Defendant Melissa Ortiz state that "[Plaintiffs] and M. Ortiz have been engaged in substantial and ongoing negotiations, and are very close to a resolution. During these negotiations, Driven Brands and M. Ortiz agreed to stay all discovery and action relating to the dispute in order to facilitate a settlement agreement." (Doc. No. 30). As such, they "jointly apply to the Court for enlargement of time of two (2) weeks to finalize and file with the Court a stipulation of settlement and dismissal of this matter against M. Ortiz. . . . [Plaintiffs] also anticipate[] dismissing this matter without prejudice against defendants Abomb and M.A. Ortiz upon conclusion of its settlement with M. Ortiz." (Doc. No. 30). Plaintiffs additionally state that they have settled their dispute with Defendant Reich. The Court notes that Defendant Reich has since been dismissed from this suit. (Doc. No. 31).

Upon review of this Joint Resolution, the Court needs to make several points clear. The parties in a case may not unilaterally "stay all discovery and action relating to [a] dispute in order to facilitate a settlement agreement" without permission of the Court. Nor is it clear if Defendants Abomb and Michael Ortiz were involved or consulted regarding this invalid decision to stay all discovery and action in this case. Moreover, this is not the first instance in this case where the parties have ignored the requirements of the Court. The Court has had to issue two

Orders to show cause in this case, (Doc. Nos. 13, 29), and has also had to issue an Order specifically "caution[ing] the parties that they are expected to comply with the Court's orders and . . . advis[ing] [the parties] to pursue their cases diligently." (Doc. No. 17). Furthermore, the parties have received a great amount of latitude in this case, as no fewer than four extensions of time have been granted. (Doc. Nos. 6, 9, 24, 28).

Given the parties' previous behavior, the Court is unwilling to grant the additional two weeks of time that the parties are now requesting only after receiving a second Order to show cause. Accordingly, the Joint Resolution, which the Court treats as a motion for extension of time, is DENIED. <u>Unless an answer is filed by each remaining Defendant (with the exception of Defendant Michael Ortiz) in this case within seven (7) days from the entry of this order, or a motion for entry of default is filed against each remaining Defendant (with the exception of Defendant Michael Ortiz) who has not filed an answer within eight (8) days of the entry of this order (i.e. within twenty-four (24) hours after each remaining Defendant's answer is now due), or a stipulation of dismissal is filed within that time frame, this case will be dismissed against that particular Defendant.</u> The Court does not include Defendant Michael Ortiz in this requirement, as it is not clear to the Court whether Defendant Michael Ortiz has been served at this point in time.

The Court remains troubled by the parties' handling of this case. Court rules and requirements are not optional and the Court expects strict compliance with them by all parties at all times. As such, for the reasons stated above, the Joint Resolution is DENIED. <u>Unless an answer is filed by each remaining Defendant (with the exception of Defendant Michael Ortiz) in this case within seven (7) days from the entry of this order, or a motion for entry of default is filed against each remaining Defendant (with the exception of Defendant Michael Ortiz) who has</u>

not filed an answer within eight (8) days of the entry of this order (i.e. within twenty-four (24) hours after each remaining Defendant's answer is now due), or a stipulation of dismissal is filed within that time frame, this case will be dismissed against that particular Defendant.

    IT IS SO ORDERED.

Signed: August 28, 2013

Frank D. Whitney
Chief United States District Judge